994 So.2d 485 (2008)
M.J., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-10.
District Court of Appeal of Florida, Third District.
November 12, 2008.
*486 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
M.J., a juvenile, appeals his adjudication of delinquency for resisting an officer without violence. We affirm.
M.J. was charged by petition of delinquency with resisting an officer without violence, § 843.02, Fla. Stat. (2007),[1] and petit theft. The State nolle prossed the petit theft count, and at the adjudicatory hearing on the resisting an officer charge, the State presented the testimony of Officer Milian of the Miami-Dade Police Department.
Officer Milian testified that she was working off-duty providing security at a mall, wearing a shirt with the Miami-Dade police insignia on the front and the word "Police" on the back, and carrying a mall walkie-talkie that was connected to store clerks and mall security. Over defense objection based on the Confrontation Clause and hearsay, Officer Milian testified that she received a radio dispatch from a Loss Prevention security officer over the mall walkie-talkie advising her that M.J. and another individual were seen on a security camera leaving a store without paying for merchandise. Moreover, *487 the security officer gave Officer Milian a description of M.J. and the other individual, informed Officer Milian that he continued to watch them over a security camera, and that M.J. and the other individual were coming down an escalator. Officer Milian attempted to make contact with M.J. on the escalator, but M.J. fled. Officer Milian began to chase M.J., identifying herself as a police officer and instructing him to stop. M.J. eventually tripped, and he was apprehended. As Officer Milian was handcuffing M.J., he tensed one of his arms, and as a result, the police officer took a minute or two to completely handcuff M.J.
The State rested, and the defense moved for a judgment of acquittal, arguing that the State failed to establish that Officer Milian was engaged in the lawful execution of a legal duty. The trial court denied the motion. Thereafter, M.J. testified, explaining that he fled after one of his friends was Tasered by another police officer. M.J. denied tensing one of his arms while being handcuffed.
The trial court denied M.J.'s renewed motion for judgment of acquittal, and thereafter, the trial court found the defendant guilty of resisting an officer without violence. M.J. was adjudicated delinquent. This appeal followed.
M.J. argues that the trial court, over objection, impermissibly allowed Officer Milian to testify as to radio transmissions she received from the non-testifying security officer where this evidence was inadmissible hearsay and violates the Confrontation Clause and the holding in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). M.J. argues that without this evidence, the State failed to establish that Officer Milian was engaged in the lawful execution of a legal duty,[2] as required by section 843.02. We disagree.
The non-testifying security officer's statements were properly admitted pursuant to the spontaneous statement exception to the hearsay rule, as the security officer was "describing or explaining an event or condition while [he] was perceiving the event or condition, or immediately thereafter." § 90.803(1), Fla. Stat. (2007). The security officer's statements to Officer Milian are similar to statements made by a 911 caller to a 911 operatorthe declarant in each scenario is describing events he is perceiving or immediately after he perceived them in an effort to obtain assistance. Here, the Loss Prevention security officer relayed information to Officer Milian in an attempt to obtain assistance, and the statements were not in response to any police questioning. As such, the security officer's statements were nontestimonial in nature, and therefore, do not violate the holding in Crawford or the Sixth Amendment's Confrontation Clause. See Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) ("Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."); Barron v. State, 990 So.2d 1098, 1101 (Fla. 3d DCA 2007) (holding that 911 calls were properly admitted as spontaneous statements, and that "[a]s the calls were made to obtain assistance rather than in response to police questioning... they were nontestimonial in nature and, therefore, do not violate the Sixth Amendment or the holding in Crawford"); *488 Bartee v. State, 922 So.2d 1065, 1070 (Fla. 5th DCA 2006) (holding that 911 tapes are admissible under the spontaneous statement exception to hearsay rule, and that the Confrontation Clause was not violated where 911 calls were nontestimonial in nature as statements were not made in response to police interrogation).
Because the information relayed by the Loss Prevention security officer was admissible under the spontaneous statement exception to the hearsay rule and the statements did not violate the Confrontation Clause, the trial court did not err in admitting this evidence. Based upon the evidence presented, the State established that Officer Milian was engaged in the lawful execution of a legal duty (the investigation of a criminal offense that Officer Milian had a reasonable suspicion to believe M.J. had committed). We, therefore, affirm the adjudication of delinquency.
Affirmed.
NOTES
[1] Section 843.02 provides:

Resisting officer without violence to his or her person.  Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[2] As the instant case involves an investigatory detention, the State was required to prove that Officer Milian had a reasonable suspicion that M.J. was engaged in criminal activity. The State attempted to prove this element by the fellow officer rule, thereby imputing the security officer's observations of reasonable suspicion to Officer Milian to justify the stop.